IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD COLLINS,<br><br>      Petitioner,<br><br>   v.<br><br> THOMAS L. CAREY, Warden, California State Prison, Solano,<br><br>      Respondent._____/ | No. C 05-03303 CRB<br><br>**MEMORANDUM AND ORDER** |

Petitioner Floyd Collins, a state prisoner incarcerated at the California State Prison in Vacaville, seeks federal habeas review under 28 U.S.C. section 2254 of a conviction from the Superior Court of the State of California in and for the County of San Francisco.

## PROCEDURAL BACKGROUND

Petitioner was convicted of the first-degree murder of Demetria Yates by a jury in the Superior Court of the State of California in and for the County of San Francisco. The jury also found true that petitioner personally used a firearm in commission of this offense. On April 19, 1999, the state court sentenced petitioner to 35 years in state prison. The California Court of Appeal affirmed the judgment of the trial court and the California Supreme Court denied review. Petitioner subsequently filed a petition for writ of habeas corpus in the California Supreme Court which was denied.

On August 13, 2004, petitioner filed a new petition for a writ of habeas corpus in the California Supreme Court. The court dismissed the petition as untimely on July 13, 2005. The instant federal petition for writ of habeas corpus followed. This Court denied respondent's motion to dismiss the petition as untimely, ruling that the petition was equitably tolled. The merits of the petition are now pending before the Court for decision.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relief may not be granted unless the state ruling was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). The federal habeas court may not engage in a *de novo* analysis of the judgment, but must review it with deference to the state court. It is not enough that the state court applied clearly established federal law incorrectly; to grant habeas the federal court must find that the incorrect application was also unreasonable. Williams v. Taylor, 529 U.S. 362, 410-411 (2000).

B.   Claims

Petitioner raises five claims: 1) his right to due process under the Fifth Amendment was violated when the trial court allowed evidence of prior domestic violence acts; 2) his right to due process under the Fifth Amendment was violated when the trial court instructed the jury that it could find petitioner guilty based on finding, by a preponderance of the evidence, that he had a propensity to commit domestic violence offenses; 3) his right to due process under the Fifth Amendment was violated when the trial court erroneously instructed the jury that a finding of intent to kill is necessary in order to return a verdict of voluntary manslaughter; 4) his right to effective assistance of counsel under the Sixth Amendment was violated when his trial counsel failed to challenge a juror for cause on the basis of juror misconduct; and 5) his rights to due process under the Fifth Amendment and to effective

2

assistance of counsel under the Sixth Amendment were violated when the trial court failed to preserve the juror questionnaires as part of the record on appeal.

The petition for writ of habeas corpus must be denied because none of the five claims demonstrates an unreasonable and erroneous application of established federal law.

### 1. Due Process: Evidence of Prior Domestic Violence Offenses

Pursuant to California Evidence Code section 1109, the prosecution presented evidence of petitioner's prior acts of domestic violence in order to establish his propensity to commit the crime of which he was charged. Specifically, the state offered evidence that petitioner had previously cut the victim's leg with a razor and had hit her in the eye. The state appellate court concluded that the admission of such evidence did not violate petitioner's right to due process because the California Supreme Court approved a similar evidentiary rule in People v. Falsetta, 21 Cal.4th 903 (1999), allowing evidence of prior sex crimes pursuant to California Evidence Code section 1108.

Petitioner argues that section 1109 is distinguishable from section 1108 because the latter allows evidence of previous sex offenses, not of domestic violence. The language of the two sections is identical except where "domestic violence" replaces "sex offense," and since the Falsetta court's approval of the rule rested on the trial court's discretion to exclude propensity evidence, which exists under both sections, the reasoning of Falsetta suggests that section 1109 is constitutional.

Even if petitioner is correct that section 1109 raises a question about the constitutionality of propensity evidence, it is a question on which the United States Supreme Court has expressly reserved judgment. In Estelle v. McGuire, 502 U.S. 62, 75 n.5 (1991), the Court explained: "Because we need not reach the issue, we express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." Additionally, the Supreme Court has repeatedly emphasized its reluctance to interfere with an individual state's right to create its own rules of evidence. See Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983)

//

1  ("the Due Process Clause does not permit the federal courts to engage in a finely-tuned
2  review of the wisdom of state evidentiary rules").

3  Petitioner's reliance on <u>Hicks v. Oklahoma</u>, 447 U.S. 343 (1980) and <u>Walker v.
4  Deeds</u>, 50 F.3d 670 (9th Cir. 1995) is unavailing: neither case comes close to clearly
5  establishing that the admission of the propensity evidence is unconstitutional.  Petitioner has
6  therefore failed to demonstrate that the admission of propensity evidence violated clearly
7  established federal law.

**2.    Due Process: Preponderance Standard for Propensity Evidence**

9  The jury instructions used by the trial court regarding the use of propensity evidence
10 have withstood constitutional scrutiny.  Pursuant to the 1999 revision of CALJIC 2.50.02, the
11 court instructed the jury:

> If you find that the defendant committed a prior offense involving domestic violence, you may, but are not required to, infer that the defendant has a disposition to commit the same or similar type offense. If you find that the defendant had this disposition, you may, but are not required to infer that he was likely to commit and did commit the crime of which he is accused. However, if you find by a preponderance of the evidence that the defendant committed a prior crime or crimes involving domestic violence, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged offense.

17 CALJIC 2.50.02.  The trial court also instructed the jury, pursuant to CALJIC 2.50.1: "You
18 must not consider this evidence for any purpose unless you find by a preponderance of the
19 evidence that the defendant committed the other crimes."  Petitioner argues that this
20 instruction deprived him of his right to due process by not requiring the government to prove
21 each element of its case beyond a reasonable doubt; in particular, he contends that the
22 instruction allows the jury to convict of the crime charged based solely on the commission of
23 a prior bad act.  This defect, petitioner argues, is structural and is therefore unconstitutional
24 *per se*.

25 The state appellate court observed that although it had expressed reservations about
26 the constitutionality of CALJIC 2.50.02 in <u>People v. James</u>, 81 Cal.App.4th 1343, 1353
27 (2000), the defect was cured by the 1999 revision of the instruction which added the
28 following admonition: "However, if you find by a preponderance of the evidence that the

4

defendant committed a prior crime or crimes involving domestic violence, that is not sufficient by itself to prove beyond a reasonable doubt that he committed the charged offense." CALJIC 2.50.02; see also People v. Falsetta, 21 Cal. 4th 903, 920 (1999) (containing dicta approving of 1999 revision of CALJIC 2.50.02); People v. Brown, 77 Cal. App. 4th 1324, 1334-35 (holding that the revised version of CALJIC 2.50.02 adequately advises the jury that it may not convict on the basis of propensity evidence alone). Here, the trial court gave the revised version of the instruction.

Petitioner mistakenly relies on Sullivan v. Louisiana, 508 U.S. 275 (1993), in which the Court reversed a conviction because the trial court used a definition of "beyond a reasonable doubt" that the United States Supreme Court had previously declared unconstitutional. In this case, in contrast, petitioner does not identify any clearly established Supreme Court law which demonstrates that the instruction given in this case was so confusing or inadequate that the jury could have convicted defendant without the prosecution having to prove all the elements of the crime beyond a reasonable doubt.

A court may grant federal habeas relief only when the "ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." McGuire, 502 U.S. at 72. Here, petitioner has not demonstrated that the instruction was "ailing" at all, let alone that clearly established Supreme Court law dictates that this Court conclude that it was ailing. Accordingly, this claim, too, fails.

### 3. Due Process: Erroneous Voluntary Manslaughter Instruction

The trial judge erred when he instructed the jury that "[e]very person who unlawfully kills another human being without malice aforethought *but with an intent to kill*, is guilty of voluntary manslaughter." (Exhibit A at 147) (emphasis added). An intent to kill is not an element of voluntary manslaughter. People v. Lasko, 23 Cal. 4th 101, 110 (2000).

Petitioner argues that this erroneous instruction deprived him of a defense to the first degree murder charge: that of the lesser included offense of voluntary manslaughter. Even if the instructional defect renders the entire manslaughter instruction invalid, however, a failure to instruct a jury on lesser included homicide offenses is not a ground for federal habeas

5

corpus. Windham v. Merkle, 163 F.3d 1092, 1106 (9th Cir. 1998) ("Under the law of [the Ninth] Circuit, the failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question"); see also Solis v. Garcia, 219 F.3d 922, 928-29 (9th Cir. 2000) (upon review adhering to the same rule).

In any event, the state appellate court's determination that the instructional error was harmless was not unreasonable. In addition to the incorrect manslaughter instruction, the jury was given the options of first-degree murder and second-degree murder. Since first-degree murder requires "willful, deliberate and premeditat[ion] ... [and] express malice aforethought" (CALJIC 8.20) and second-degree murder does not, the jury's finding of first-degree murder means the jury necessarily believed the act was premeditated. This finding precludes finding the petitioner guilty of voluntary manslaughter, even if the jury had been properly instructed, because voluntary manslaughter does not involve premeditation.

### 4. Effective Assistance of Counsel: Juror Misconduct

Petitioner next contends that his counsel was ineffective by failing to move to strike a juror for juror misconduct, namely, making a misrepresentation on the jury questionnaire.

During voir dire, juror no. 9 (at times referred to in the transcript as prospective juror no. 15) indicated to the trial court and the parties that there was something that might affect his ability to be fair and impartial. Transcript at 424. He advised that he was running for mayor of San Francisco and he provided the court and parties with copies of his promotional material. Id. The trial court noted that in the juror's questionnaire he indicated that he had been the victim of domestic violence as a child. Id. at 426. The juror responded that his stepfather had beat him, his mother, and his sister, and he also noted that in his work with battered women he had had husbands and boyfriends threaten his life. Id. at 427. Defense counsel was present for the juror's disclosures, reviewed the juror's campaign material, and moved to strike the juror for cause. Id. at 428. Counsel even had the juror's promotional material incorporated into the voir dire for that juror. Id. The court declined to strike the juror for cause, ruling that the juror had indicated that he could be fair and impartial during

the proceedings, although he might have to put aside "some personal things during the course of the testimony." Id. at 433-34.

Petitioner contends that his counsel was ineffective because he failed to move to strike juror no. 9 for lying on his juror questionnaire. Petitioner contends that on his questionnaire juror no. 9 responded that he had never been the victim of a crime, but in the promotional materials he voluntarily provided to the trial court and counsel he states that while working at shelters "I have been attacked by fathers, live-in boyfriends . . . I have been cut, stabbed and had shotguns/handguns stuck in my face." (Petition ¶ 8).

Petitioner's claim fails. To show ineffective assistance of counsel, defendant must show 1) "that counsel's performance was deficient" and 2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner has not shown that counsel's failure to challenge the juror on the specific ground that he lied on his questionnaire was constitutionally deficient. The juror voluntarily disclosed that he had been a victim of domestic violence and that he had been a victim of violence while working at shelters; thus, his negative answer on the questionnaire (assuming it was negative) was most likely a mistake or misunderstanding. Petitioner also cannot show prejudice given the trial judge's finding after questioning the juror about his past experience as the victim of violence that the juror could be impartial. Moreover, the juror's failure to indicate on the questionnaire that he had been a victim of a crime did not prevent counsel from learning about and questioning the juror about his past experience with violence.

**5.    Due Process and Effective Assistance of Counsel: Failure to Preserve Juror Questionnaires**

Petitioner also argues that the trial court's failure to maintain the juror questionnaires and to provide them, along with the record, to petitioner's counsel for appeal violates petitioner's rights to due process and to effective assistance of counsel. This argument fails for two reasons: 1) there is no Supreme Court precedent requiring that juror questionnaires be made part of the record which must be provided for appeal, and 2) the Court has assumed that the juror did <u>not</u> indicate on his questionnaire that he had been a victim of a crime, as

7

petitioner contends; the Court nonetheless concludes for the reasons stated above that petitioner has not shown that such a response justifies granting his habeas petition.

## CONCLUSION

Petitioner has shown only one actual error in his trial--the voluntary manslaughter instruction--and the state court reasonably found the error to be harmless and, in any event, such an error is not reviewable in a federal habeas proceeding. Thus, petitioner has not met his burden to show that the state court unreasonably misapplied established federal law, and the petition for writ of habeas corpus is therefore DENIED.

**IT IS SO ORDERED.**

Dated: October 19, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE